FILED
CLERK
7/21/2025 10:57 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

CARLOS LOPEZ,

        *Plaintiff,*

**REPORT AND RECOMMENDATION**

23-cv-01105 (GRB)(JMW)

    -against-

NASSAU COUNTY CORRECTIONAL CENTER, SHERIFF JAMES DZURENDA, *prior Sheriff*, ANTHONY LAROCA, *current facility's Sheriff*, and YOLANDA CANTY, *Commissioner of Correction Commissioner*,

        *Defendants.*

-------------------------------------------------------------------X

**A P P E A R A N C E S:**

    **Carlos Lopez**
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442
    *Plaintiff proceeding Pro Se*

    Victoria LaGreca
    **Office of the Nassau County Attorney**
    One West Street
    Mineola, NY 11501
    *Attorneys for Defendants Nassau County Correctional Center,*
    *Sheriff James Dzurenda, and Anthony LaRocca.*

    Patricia M. Hingerton
    **NYS Office of the Attorney General**
    300 Motor Parkway, Suite 230
    Hauppauge, NY 11788
    *Attorneys for Defendant Yolanda Canty*

**WICKS,** Magistrate Judge:

    *Pro Se* Plaintiff Carlos Lopez ("Plaintiff"), an incarcerated individual, commenced this

civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Nassau County Correctional

1

Center ("NCCC"), Sheriff James Dzurenda, NCCC's prior Sheriff ("Dzurenda"), Anthony LaRocca, NCCC's current Sheriff ("LaRocca"), and Commissioner of Corrections Yolanda Canty ("Canty" and collectively, the "Defendants") on February 9, 2023, arising out of the "inhumane" conditions *Pro Se* Plaintiff faced upon his arrival at NCCC on November 4, 2021, which allegedly caused Plaintiff to suffer an asthma attack, physical pain and suffering, and "emotional, and mental pain and suffering." (*See generally*, ECF No. 1.) Plaintiff further alleges he did not receive proper medical care for his alleged medical conditions. (*Id.*)

On July 22, 2024, Defendant Canty filed a Motion to Dismiss pursuant to Fed. R. Civ. P. (12)(b)(1) and 12(b)(6) (ECF Nos. 57, 59), which Plaintiff opposed (ECF No. 58). The Motion was referred by the Hon. Gary R. Brown. (*See* Electronic Order dated May 25, 2023.) Following review, the undersigned issued a Report & Recommendation ("R&R") that recommended dismissal in the entirety *without prejudice*. (ECF No. 60.) As part of the R&R, the Court directed counsel for Defendants to serve Plaintiff and file proof of service within two business days. (*Id.*) However, Counsel for Defendant Canty filed a letter over a week later indicating that Plaintiff had not been served due to Counsel's mistake, and immediately served Plaintiff, and then filed proof of service. (ECF No 62.) With that, the time to file objections was extended to February 10, 2025. (Electronic Order dated 1/24/2025.) Plaintiff filed for an extension of time to object, which was granted by Judge Brown while he expressly noted that this would be the final extension. (ECF No. 65; Electronic Order dated 2/7/2025.) Nonetheless, Plaintiff requested an additional extension, which Judge Brown did not grant. (ECF No. 67.)

Subsequently, Judge Brown adopted the undersigned's R&R in full and explicitly informed Plaintiff that "[i]n light of the difficulties identified by plaintiff in his letter dated February 25, 2025, plaintiff is granted **90 days** from the date of this order to amend his

2

complaint; should no amended complaint be filed, the claims against defendant Canty will be deemed dismissed with prejudice." (emphasis added) (Electronic Order dated 3/10/2025.) Plaintiff was mailed a copy of this Order. (*See* Electronic Order dated 3/10/2025.) As such, the date to file an amended complaint was June 8, 2025. It was not until July 14, 2025, 46 days late, that Plaintiff sought an extension of time to file the amendment. (ECF No. 68.) Thus, before the Court now is Plaintiff's application for an extension of time to file his Amended Complaint (ECF No. 68), which is jointly opposed by Defendants (ECF No. 69).

The Second Circuit has clarified the standard to be applied by the district courts in considering motions for leave to amend dependent upon the timing of the proposed amendment:

> The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought. At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission. After that period ends—either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the court should grant such leave "freely . . . when justice so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive" standard, and the only "grounds on which denial of leave to amend has long been held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or] futility." The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up [to] a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).

*Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021).

To this end, under Rule 16(b), "good cause" is required to modify a scheduling order such as the one issued by Judge Brown on March 10, 2025. *See* Fed. R. Civ. P. 16(b)(4). The Electronic Order set the date to amend pleadings, and that date has since passed. *See Sacerdote*, 9 F.4th at 115 ("[T]he period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the

3

plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)").

To show good cause under Fed. R. Civ. P. 16(b)(4), "the moving party must demonstrate that, despite having exercised diligence in its efforts to adhere to the court's scheduling order, 'the applicable deadline [to amend] could not reasonably have been met.'" *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, No. 13 Civ. 0275 (KBF) (JCF), 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2024) (citation omitted). Plaintiff articulates that due to his *pro se* status coupled with the staff shortages and the law library closure for about six weeks is what caused the delay. (ECF No. 68 at 1.) However, Plaintiff failed to inform the Court of these issues until well after the deadline passed notwithstanding Judge Brown's clear directive on timing of further amendments. With that, as this application is made 46 days late, and while the Court is mindful of Plaintiff's *pro se* status, Plaintiff had ample time and opportunity to seek an extension of time sooner. At this point, considering the lateness of the application, the lack of good cause and the resulting prejudice, the application should be denied. (ECF No. 69 at 2.)

As a final matter, as the Motion to Dismiss was only relevant to Defendant Canty, the case remains open as to the remaining Defendants NCCC, Dzurenda, and LaRocca. Accordingly, the undersigned respectfully recommends that Plaintiff's latest Motion filed at ECF No. 68 be **DENIED**.[1]

---

[1] While the Second Circuit has suggested in dicta and non-precedential opinions that a motion to amend is non-dispositive, it has yet to explicitly hold so. Thus, lower courts within this Circuit have taken two approaches when deciding motions to amend: some treat the motion as wholly non-dispositive, reviewable only for clear error, others treat the motion as dispositive if denying and non-dispositive if granting." *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21CIV7740 (JPC)(RWL), 2023 WL 6066168, at *5 (S.D.N.Y. Sept. 18, 2023) (internal citations omitted) (cleaned up). *See e.g., Pusepa v. Annucci*, No. 17-CV-7954 (RA) (OTW), 2024 WL 4579450, at *1 (S.D.N.Y. Oct. 25, 2024) ("A magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive."); *Portelos v. City of New York*, No. 12 Civ. 3141 (RRM) (VMS), 2015 WL 5475494, at *1 (E.D.N.Y. Sept. 15, 2015) ("[D]istrict courts in this circuit

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Extension of Time to Amend the Complaint (ECF No. 68) be **DENIED**.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on Defendants' Counsel. Counsel for Defendants shall serve the *Pro Se* Plaintiff with this Report and Recommendation and file proof of service on ECF within two business days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

---

have generally found that denial of a motion to amend is dispositive, whereas granting a motion to amend is non-dispositive."). Accordingly, because the recommendation herein is that the motion be denied, the undersigned proceeds by Report and Recommendation rather than by Order. And, in accordance with Judge Brown's Individual Rules, motions to amend are handled by the Magistrate Judge. *See* Judge Brown's Individual Rule II(f)(1).

**RESPECTFULLY RECOMMENDED**,

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

Dated: Central Islip, New York
July 21, 2025